## PERKINS *v.* CONCORD RAILROAD.

The representations made by a sick person of the true nature, symptoms, and effects of the malady under which he is laboring at the time, are received as original evidence. If made to a medical attendant they are of greater weight, but are not rejected when made to another person.

A medical expert may give his opinion upon a supposititious statement made to him, as illustrative of the case on trial.

Confidential overtures of pacification, or offers, or propositions between litigating parties, expressly stated to be made confidentially, or without prejudice, are excluded as evidence, on the ground of public policy. But the admission of any independent fact is received, though made during a treaty of compromise.

THIS was an action on the case against the defendants, who were common carriers, to recover damages for injuries alleged to have been received by the plaintiff while being transported by them, as such carriers, by reason of their negligence. The allegations of the plaintiff's injuries in the declaration were as follows:

"That said locomotive engine and snow-plow, through the want of due and reasonable care and skill, and from the gross negligence of the defendants and their servants, ran into and upon said cars with great force and violence, by means of which, and from the steam and smoke from said engine, the plaintiff was grievously bruised and hurt, and his right side, right lung, and right hip and hip socket were greatly and dangerously and permanently hurt and injured, and his life, as well as the lives of all others in said cars, greatly endangered, and he was otherwise severely and dangerously and permanently hurt and injured, and for a long time was, and now is sick and disabled," &c.

The plaintiff introduced evidence of witnesses, not physicians, that, at various times after the accident, he complained to them of injuries in his hip and lungs, at such times; to which the defendants objected, upon the ground that the declarations were not made to physicians; but the court overruled this objection.

The plaintiff introduced evidence tending to show that while carried as a passenger by the defendants, in their cars, a collision occurred, in and by which he received a bruise on or near the junction of the os sacrum and the right os ilium, the appearance of which was described, producing injury to the sacral nerves, and through them to the right sciatic nerve, and rendering him lame, and unable to walk far without pain; and also evidence tending to show that the injury still produced, and would produce permanently these effects upon him. The plaintiff was permitted to ask of a medical witness, who had made a personal examination of the plaintiff, and had testified in relation to it, the following question, subject to the defendants' exception: "Suppose the plaintiff, in a railroad collision, received an injury upon the hip, and by that concussion, either by something striking on the hip, or by being violently thrown against something on that place, and within three or four days after, experienced a good deal of pain, and was lame in the hip, and there was then at the place of the injury a swelling of the size of a dollar, and a discoloration, with appearances in the spot of marks of bruising; that the place was sore, and pressure

caused pain, and that there was pain in the hip — taking these suppositions in connection with the appearances you found on the plaintiff upon examination — to what would you attribute the lameness?" The plaintiff had previously introduced evidence tending to show a state of facts similar to that supposed in the foregoing question, subject to the defendants' exception.

The plaintiff was permitted to show that since the accident, and since the commencement of this suit, he walked lame, and also the manner in which he got in and out of his wagon at various times, as bearing upon the question of his lameness at such times.

The plaintiff called a witness who was in the cars at the time of the collision, and with a view to show that the defendants acceded to his claim that they were liable for injuries there received by him, was permitted, subject to the defendants' exception, to put to him the following question:

"State whether, since the collision, you have made any claim on the defendants on the ground that they were liable to you by reason of their negligence, or that of their servants, for any injuries you may have sustained in the collision?" And, subject to a similar exception, the witness was permitted to state how the matter was adjusted with the defendants, omitting the sum paid him, with a view to show that the defendants admitted their liability or injuries received by the collision.

Upon the cross-examination of a medical witness the plaintiff was permitted to ask, subject to the defendants' exception, whether the witness knew "if the subject of concussion of nerves had recently been discussed in a publication by eminent New-York surgeons?" to which the witness replied that he did not.

The defendants objected, that for an injury caused to the plaintiff by the collision, from a bruise on or near the junction of the os sacrum and the right ilium, producing injury to the sacral nerves, and through them to the right sciatic nerves, and thereby rendering the plaintiff lame, the plaintiff could not recover under the allegations of injury, contained in his declaration; but the court ruled otherwise, to which the defendants excepted.

The jury having returned a verdict for the plaintiff, the defendants moved to set the same aside, and for a new trial, because of the foregoing rulings of the court.

*George, Foster & Sanborn,* for the defendants, on the second point referred to *Spear* v. *Richardson,* 37 N. H. 34; 1 Greenl. Ev. 440; *Howe* v. *Plainfield,* 41 N. H. 136; 1 Greenl. Ev. 119; *Sanborn* v. *Neilson,* 4 N. H. 501; *Corey* v. *Bath,* 35 N. H. 530.

*G. W. Morrison,* and *C. R. Morrison,* for the plaintiff, referred to 1 Greenl. Ev., secs. 102, 106; 4 Camp. 416; 6 East 188; *Hall* v. *Young,* 37 N. H. 135; *Gilmanton* v. *Ham,* 38 N. H. 108; *Bartlett* v. *Hoyt,* 33 N. H. 151.

NESMITH, J.    1. The first exception taken by the defendants was to the ruling of the court, admitting the evidence of witnesses,

other than physicians, to show that the plaintiff, at various times after the accident, complained to them of injuries in his hip and lungs. The representations made by a sick person of the true nature, symptoms and effects of the malady under which he is laboring at the time, are received as original evidence. If made to a medical attendant they are of greater weight as evidence, but if made to any other person they are not on that account rejected. 1 Greenl. Ev., sec. 101, p. 142; 1 Phill. Ev. 191; *Avison* v. *Kinnard*, 6 East 188; *Bacon* v. *Charlton*, 7 Cush. 581; *Howe* v. *Plainfield*, 41 N. H. 135.

2. The second exception was to the admission of the supposititious statement to the medical expert, and to his answer, or opinion thereon. A question similar to this under consideration, in substance, was allowed to be put, and the answer thereto was received in the case of *Spear* v. *Richardson*, 37 N. H. 21. Such evidence was adjudged to be properly received in that case, and for the reasons there assigned we think the question was properly put and answered in this case, as illustrative of the case on trial.

3. The defendants also excepted to the admission of testimony offered by the plaintiff, tending to show that the defendants, through their officers or agents, admitted their liability for damages in consequence of their negligence when the accident happened. On this point the general rule seems to be, that confidential overtures of pacification, or offers or propositions between litigating parties, expressly stated to be made confidentially, or without prejudice, are excluded as evidence on grounds of public policy. 1 Greenl. Ev., sec. 192; *Jardine* v. *Sheridan*, 2 C. & K. 24. But the admission of any independent fact is receivable, though made during a treaty of compromise. *Murray* v. *Coster*, 4 Cow. 635; *Sanborn* v. *Neilson*, 4 N. H. 501; *Harrington* v. *Lincoln*, 4 Gray 563; 1 Greenl. Ev., sec. 192, and note; *Bartlett* v. *Hoyt*, 33 N. H. 151. The liability to pay damages in consequence of the accident appears to have been the matter distinctly admitted to the witness, as stated by him in evidence. In order to exclude such distinct admissions of facts, says *Greenleaf*, in the same section, it must appear, either that they were expressly made without prejudice, or at least that they were made under the faith of a pending treaty, and into which the party might have been led by the confidence of a compromise taking place. But in this case it does not appear that when the admission of the liability of the defendants was made they claimed or sought the protection of the aforesaid rule; or that it was desired to be treated or considered as confidentially made to the witnesses. The party can ask no more of the court now than they asked for themselves when the statement of their liability was voluntarily made to the witness in *pari materia*.

The averments in the plaintiff's declaration seem to us to be sufficiently broad to sustain proof of any actual injury that might be presumed to be received by the plaintiff, from the negligence or misconduct of the defendants. The declaration comes within the rule laid down in *Corey* v. *Bath*, 36 N. H. 530.

The exceptions of the defendants are, therefore, overruled, and there must be

*Judgment on the verdict.*